**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CALLSTAT SOLUTIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIV. A. NO.  2:21-CV-00352-JRG-RSP |
| | § | |
| MCAFEE, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT MCAFEE, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR PATENT
INFRINGEMENT**

Pursuant to Federal Rules of Civil Procedure 7 and 12, Defendant McAfee, LLC
("McAfee"), by and through its undersigned counsel, hereby files this Answer, Affirmative
Defenses, and Counterclaims to Plaintiff Callstat Solutions LLC's ("Plaintiff") Complaint for
Patent Infringement (the "Complaint") (Dkt. No. 1). McAfee denies all allegations in the
Complaint unless expressly admitted in the following numbered paragraphs, which correspond to
the numbered paragraphs in the Complaint:

**PARTIES**

1.      McAfee is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      McAfee admits that it is a limited liability company organized and existing under
the laws of Delaware and that it maintained a place of business at 5000 Headquarters Dr., Plano,
Texas 75024. McAfee denies any remaining allegations in Paragraph 2 of the Complaint.

3.     McAfee admits that it has appointed The Corporation Trust Company, located at Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

**JURISDICTION**

4.     McAfee admits that the Complaint purports to be an action for patent infringement that arises under the Patent Laws of the United States, Title 35 of the United States Code.

5.     McAfee does not contest, for purposes of this case only, that this Court has federal jurisdiction over the case.

6.     Without admitting any allegations in Paragraph 6 of the Complaint, McAfee in this action alone does not contest whether this Court has personal jurisdiction over McAfee. McAfee denies any remaining allegations in Paragraph 6 of the Complaint.

**VENUE**

7.     Without admitting any of the allegations in Paragraph 7 of the Complaint, McAfee in this action alone does not contest whether venue is proper in this District. McAfee denies any remaining allegations in Paragraph 7 of the Complaint.

**PATENT-IN-SUIT**

8.     McAfee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

**THE '983 PATENT**

9.     McAfee admits that the Complaint references an Exhibit 1, which purports to be a copy of U.S. Patent No. 6,236,983 (the "'983 Patent"), issued on May 22, 2001, from an

application filed on January 31, 1998.  McAfee is without knowledge or information sufficient to form a belief as to any remaining allegations contained in Paragraph 9 and therefore denies them.

## [PLAINTIFF'S] COUNT 1: [ALLEGED] INFRINGEMENT OF THE '983 PATENT

10.    McAfee incorporates its responses to Paragraphs 1–9 as though fully set forth herein.

11.    Denied.

12.    Denied.

13.    McAfee admits that Exhibit 2 of the Complaint purports to include charts containing claim language from Claim 1 of the '983 Patent and a number of self-serving characterizations of the "Exemplary Defendant Products" as that term is defined in the Complaint. Aside from the explicit admission above, McAfee is without knowledge or information sufficient to form a belief as to any remaining allegations contained in Paragraph 13 and therefore denies them.

14.    McAfee incorporates its response to Paragraph 13 and the allegations contained in Exhibit 2 of the Complaint as though fully set forth herein. McAfee denies the allegations contained in Exhibit 2.

15.    Denied.

## JURY DEMAND

16.    McAfee is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Complaint is required, McAfee denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271, et seq. McAfee further denies that it has violated any of the Patent Laws of the United States with respect to the '983 Patent, and McAfee also denies that Plaintiff is entitled to any of the legal or equitable relief requested in its Prayer for Relief as specified in subparagraphs A–E, or to any legal or equitable relief whatsoever, against McAfee in this matter or as a result of the Complaint. McAfee requests that the Court deny all relief requested by Plaintiff.

## GENERAL DENIAL

McAfee further denies any allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## MCAFEE'S AFFIRMATIVE DEFENSES

McAfee incorporates by reference the forgoing paragraphs in their entirety.  Subject to its responses above, and upon information and belief, McAfee alleges and asserts the following affirmative defenses in response to the allegations of the Complaint. By asserting these affirmative defenses, McAfee does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear, regardless of how such defenses are denominated herein. McAfee reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses. Pursuant to Federal Rule of Civil Procedure 8(c), McAfee, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## AFFIRMATIVE DEFENSE I: NON-INFRINGEMENT

McAfee does not and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise), either literally or under the doctrine of equivalents, any valid and enforceable claim of the '983 Patent.

## AFFIRMATIVE DEFENSE II: INVALIDITY

Plaintiff's claims are barred in whole or in part because each asserted claim of the Asserted Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 256, and/or of any other applicable statutory provisions of Title 35 of the United States Code.

The claims of the '983 Patent are invalid and void for failure to comply with the conditions of patentability specified in 35 U.S.C. §§ 100 *et seq.*

## AFFIRMATIVE DEFENSE III: PROSECUTION HISTORY ESTOPPEL

The claims of the '983 Patent are limited by the text of the '983 Patent, the prosecution history, including that of related patents, and/or the prior art such that Plaintiff is estopped, or otherwise precluded, from asserting that any claim of the '983 Patent is infringed by McAfee, either literally or by equivalents.

## AFFIRMATIVE DEFENSE IV: ENSNAREMENT

Plaintiff cannot argue that the claims of the '983 Patent are broad enough that an accused product or act would be found to infringe under the doctrine of equivalents because such a construction would render the claims invalid in view of the prior art.

## AFFIRMATIVE DEFENSE V: LICENSE

Plaintiff's claims for infringement under the '983 Patent are barred to the extent the allegedly unlawful activity was licensed or authorized by persons or entities with the right to license.

## AFFIRMATIVE DEFENSE VI: DAMAGES LIMITATIONS AND FAILURE TO MARK

Plaintiff's claims for damages for alleged infringement, if any, of the '983 Patent are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287. To the extent Plaintiff or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287, Plaintiff cannot recover any damages for McAfee's alleged infringement prior to the date the Complaint was filed.

## AFFIRMATIVE DEFENSE VII: LIMITATION ON COSTS

Plaintiff is barred under 35 U.S.C. § 288 from recovering costs associated with this case.

## AFFIRMATIVE DEFENSE VIII: USE/MANUFACTURE BY/FOR GOVERNMENT

To the extent that any accused product, process, service or method has been used or manufactured by or for the United States Government, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

## AFFIRMATIVE DEFENSE IX: FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## MCAFEE, LLC'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff McAfee, LLC ("McAfee") hereby asserts the following counterclaims against Plaintiff/Counter-Defendant Callstat Solutions LLC ("Callstat") and avers as follows:

## NATURE AND BASIS OF ACTION

1.     McAfee seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,236,983 (the "'983 Patent") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1, et seq., damages, and such other relief as the Court deems just and proper.

## PARTIES

2.     McAfee is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in San Jose, California.

3,     On information and belief, based solely on Paragraph 1 of Callstat's Complaint, Callstat is a corporation organized and existing under the laws of Delaware with its principal place of business at 261 West 35th St., Suite 1003, New York, NY 10001.

## JURISDICTION AND VENUE

4.     If subject matter jurisdiction is proper for Callstat's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

5.     Callstat has subjected itself to personal jurisdiction in this District by filing suit against McAfee in this District.

6.      Callstat has consented to venue in this District by filing suit against McAfee in this District.

## FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '983 PATENT

7.      McAfee incorporates by reference the preceding paragraphs of McAfee's Counterclaims as though fully set forth herein.

8.      Callstat has accused McAfee of infringing the '983 Patent.

9.      As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between McAfee and Callstat regarding the alleged infringement of the '983 Patent.

10.     McAfee does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '983 Patent.

11.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Callstat from continuing to allege infringement of the '983 Patent by McAfee.

12.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '983 PATENT

13.     McAfee incorporates by reference the preceding paragraphs of McAfee's Counterclaims as though set forth fully herein.

14.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between McAfee and Callstat regarding the validity of the '983 Patent.

15.     The claims of the '983 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Callstat from continuing to allege validity of the '983 Patent.

17.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## MCAFEE'S PRAYER FOR RELIEF

WHEREFORE, McAfee requests that the Court enter a judgment in McAfee's favor and grant the following relief:

(a)     A judgment dismissing Callstat's Complaint with prejudice;

(b)     A declaration that McAfee has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the '983 Patent;

(c)     A declaration in favor of McAfee that all claims of the '983 Patent are invalid or void;

(d)     A permanent injunction against Callstat and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Callstat from charging infringement

or instituting or continuing any legal action for infringement of the '983 Patent against McAfee, its customers, or anyone acting in privity with McAfee;

(e)     An order declaring that McAfee is the prevailing party and that this is an exceptional case, awarding McAfee its reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

(f)     An order awarding McAfee its costs and expenses of litigation, including but not limited to disbursements and expert witness fees; and

(g)     Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, McAfee respectfully demands a jury trial of all issues triable to a jury in this action.

Date: November 29, 2021                     Respectfully submitted,

By:*/s/ Nathaniel St. Clair, II*
    Nathaniel St. Clair, II
    State Bar No. 24071564
    Email: nstclair@jw.com
    Blake T. Dietrich
    State Bar No. 24087420
    Email: bdietrich@jw.com
    **JACKSON WALKER LLP**
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    (214) 953-6000
    (214) 953-5822 - Fax

    **COUNSEL FOR DEFENDANT MCAFEE, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this Monday, November 29, 2021, a true and correct copy of the

foregoing document was served via certified mail, return receipt requested, upon:


*/s/ Blake T. Dietrich*
Blake T. Dietrich